# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:16-CV-671-FDW-DCK

| | |
|---|---|
| RICKY EVANS, JR., | ) |
| Plaintiff, | ) |
| v. | )    **ORDER** |
| SAM'S EAST, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion for More Definite Statement" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Ricky Evans, Jr. ("Plaintiff" or "Evans"), appearing *pro se*, initiated this action with the filing of a form *pro se* Complaint in the Superior Court of Mecklenburg County, North Carolina, on August 16, 2016. See (Document No. 1-1). Plaintiff's Complaint simply alleges that Sam's Club or Sam's East, Inc. ("Defendant") has damaged Plaintiff by the wrongful acts of "Discrimination, Retaliation, Harassment, and Intimidation." (Document No. 1-1, p.2). The Complaint seeks a judgment in the sum of "$15,151,000.00," but does not include *any* factual allegations. (Document No. 1-1, pp.2-3).

Defendant filed its "Notice of Removal" with this Court on September 16, 2016. (Document No. 1). Defendant contends that jurisdiction is appropriate in federal court based on the diversity of citizenship of the parties, and an amount in controversy exceeding $75,000.00. Id.

On September 22, 2016, "Defendant's Motion for More Definite Statement" (Document No. 4) was filed with the Court pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff filed a "Response Definite Statement" (Document No. 5) on September 30, 2016; and "Defendant's Reply In Support Of Motion For More Definite Statement" (Document No. 6) was filed on October 11, 2016. As such, this matter is now ripe for review.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed.R.Civ.P. 12(e).

In addition, the undersigned notes that the Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

2

# DISCUSSION

The undersigned agrees that Plaintiff should be required to file a more definite statement before Defendant is required to file a responsive pleading.  See (Document No. 4-1, p.2) (citing Turner v. Shaw Constructors, Inc., 1:11-CV-097-MR-DLH, 2011 WL 3156332 (W.D.N.C. July 26, 2011).  Moreover, Plaintiff's "Response…" does not suggest that Plaintiff opposes the pending request, or is unable to file an appropriate Amended Complaint.

As such, the Court will grant the motion and require Plaintiff to file an Amended Complaint, consistent with the requirements of the Federal Rules of Civil Procedure, and attaching any applicable EEOC documents, including Charge(s) of Discrimination and Notice(s) of Right Sue.  Plaintiff might avail himself of information available on the Court's website under the tab "Filing Without an Attorney," including the "Pro Se Employment Discrimination Complaint Guide."  See http://www.ncwd.uscourts.gov/filing-without-attorney.

Plaintiff is respectfully advised that failure to file a timely and persuasive Amended Complaint, in accordance with the Federal Rules, may lead to the dismissal of this lawsuit.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion for More Definite Statement" (Document No. 4) is **GRANTED**.  Plaintiff shall file an Amended Complaint on or before **November 1, 2016**.

The Clerk of Court is directed to send a copy of this Order to Plaintiff by certified U.S. Mail, return receipt requested.

**SO ORDERED**.

Signed: October 13, 2016

David C. Keesler
United States Magistrate Judge