## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:16-cv-00671-FDW-DCK

| | | |
|---|---|---|
| **RICKY EVANS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **NOTICE and ORDER** |
| **SAM'S EAST, INC., JOHN** | ) | |
| **FULERTON, MAKELA MACK, and** | ) | |
| **MICHAEL CAM,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* following the filing of Defendants' Sam's East, Inc., John Fulerton and Makela Mack (collectively "Defendants"), Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. No. 10), wherein Defendants moved the Court to dismiss the Amended Complaint for failure to state a claim that entitles Plaintiff to relief, and for lack of subject matter jurisdiction.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that Plaintiff has a burden to respond to Defendants' Motion to show that the Amended Complaint contained sufficient allegations to support a cause of action against Defendants, and that the Court has subject matter jurisdiction over the action.[1] Plaintiff may file a brief in response to Defendants' Motion to Dismiss on or before December 8, 2016.

---

[1] The specific language of <u>Roseboro</u> addressed the responsive burden for a pro se party in the context of a motion for summary judgment. Nevertheless, courts routinely issue <u>Roseboro</u> notices for motions to dismiss, and the Court does so here.

The Court further advises Plaintiff of the burdens he carries in his response to Defendants' motion. Defendants' Motion implicates Rule 12(b)(6) of the Federal Rules of Civil Procedure. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. At 1949 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Defendants' Motion also implicates Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by the litigant or the court because "determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). In considering a 12(b)(1) challenge, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. Unlike a

12(b)(6) motion "where there is a presumption reserving the truth finding roles to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). "The court should grant the Rule 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter if law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citations omitted). Plaintiff is hereby advised that it is his burden to show how the Court has subject matter jurisdiction over the claims set forth in his complaint, and he is entitled to present evidence outside the pleadings if it is helpful to establishing subject matter jurisdiction.

Plaintiff is advised that he has until December 8, 2016, to file his response to Defendants' Motion in light of the above standards. Plaintiff's response must be served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. **Plaintiff's failure to respond may result in Defendants being granted the relief they seek.**

**IT IS THEREFORE ORDERED** that Plaintiff may respond to Defendants' Motion to Dismiss (Doc. No. 10) **on or before December 8, 2016.** Failure to timely file a persuasive response could lead to a dismissal of Plaintiff's claims.

The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

**IT IS SO ORDERED.**

Signed: November 16, 2016

Frank D. Whitney
Chief United States District Judge