# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:16-CV-00671-FDW-DCK

| | |
|---|---|
| RICKY EVANS, JR., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )      ORDER<br>) |
| SAM'S EAST, INC., JOHN FULERTON, MIKELA MACK, and MICHAEL CAM, | )<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Sam's East, Inc., John Fulerton, and Mikela Mack (collectively "Defendants'") Motion to Dismiss (Doc. No. 10) Plaintiff's Amended Complaint (Doc. No. 8) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. Because Plaintiff appears pro se, the Court issued a Roseboro notice (Doc. No. 11) advising Plaintiff of his right to respond to Defendants' Motion. Plaintiff filed a timely response. (Doc. No. 12). Defendants did not reply and the time for doing so has expired. The matter is now ripe for review. For the reasons stated below, the Court GRANTS Defendants' Motion in part and DENIES the Motion in part.

## I. BACKGROUND

Plaintiff filed his initial Complaint with the Mecklenburg County Superior Court on August 16, 2016. (Doc. No. 1). Defendants timely removed the action to this Court on September 16, 2016 (Doc. No. 1) and filed a Motion for More Definite Statement on September 22, 2016 (Doc. No. 4). This Court granted Defendants' Motion (Doc. No. 7), and Plaintiff filed his Amended Complaint (Doc. No. 8) on November 1, 2016. In his Amended Complaint, Plaintiff asserts three

claims for alleged violations of the Americans with Disabilities Act ("ADA"): failure to accommodate, harassment, and retaliation. Plaintiff's claims allegedly arise from his employment and later resignation from Defendant Sam's East or "Sam's Club."

Reciting the facts as alleged and in the light most favorable to Plaintiff,[1] Sam's East employees denied "multiple requests . . . about limiting [Plaintiff's] hours to 5 hours per day and three days off per week." (Doc. No. 8, p. 4). Plaintiff goes on to allege that Defendant Fulerton "subjected Plaintiff to verbal abuse on a daily basis and encouraged fellow associates to do so as well." (Doc. No. 8, p. 4). Plaintiff then filed an EEOC Charge on March 19, 2015. (Doc. No. 6-1). Plaintiff filed a second Charge on September 10, 2015, (Doc. No. 6-1), after he was "verbally coached," and "denied bereavement pay" in retaliation for filing his first Charge (Doc. No. 8). Plaintiff received his right to sue letter for both charges on May 19, 2016. (Doc. No. 8, p. 10).

## II. DISCUSSION

Defendants argue that (1) the individual defendants should be summarily dismissed from the action; (2) the "verbal coaching" alleged in the Amended Complaint cannot be grounds for retaliation because it was absent from Plaintiff's September 10th charge; (3) the facts alleged do not rise to the level of 'severe and pervasive' to support a hostile work environment; (4) Plaintiff failed to plead the causation and 'adverse employment action' elements required for a retaliation claim; and (5) Defendant cannot be liable for failure to accommodate because Plaintiff "caused the interactive process [between employer and employee] to breakdown." (Doc. No. 10). The Court agrees with Defendants' first argument but rejects the remaining. Accordingly, Defendants' Motion is GRANTED in part and DENIED in part.

---

[1] The Court notes that "[a]lthough Plaintiff's Complaint is not entirely clear, due to his pro se status, it must be read generously." Keene v. Thompson, 232 F. Supp. 2d 574, 578 (M.D.N.C. 2002); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

Plaintiff's ADA claims against the individual Defendants cannot survive because only an employer may be held liable under the ADA. Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010); see also McNeal v. Montgomery Cnty., Md., 307 F. App'x 766, 775 (4th Cir. 2009). Accordingly, Defendants Fulerton and Mack are DISMISSED from this action. Furthermore, the Court *sua sponte* DISMISSES Defendant Cam. In its Motion, Sam's East, Inc. notes they "did not employ any workers named 'Michael Cam' during the relevant time period." (Doc. No. 10, n. 1). Since no other appearance has been made, and even if an appearance was made an ADA claim cannot survive against an individual, Defendant Cam is DISMISSED.

The Court, however, disagrees with Defendants' Rule 12(b)(1) challenge. A plaintiff alleging violations of the ADA must exhaust his administrative remedies by filing a charge with the EEOC before filing suit because the scope of the court's subject matter jurisdiction is limited by the contents of the charge. Mercer v. PHH Corp., 641 F. App'x 233, 238 (4th Cir. 2016); see also Syndor v. Fairfax Cnty., 681 F.3d 591 (4th Cir. 2012). A defendant can challenge a plaintiff's obligation to exhaust using a motion to dismiss for lack of subject matter jurisdiction, FED. R. CIV. P. R. 12(b)(1), and said motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans. V. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citations omitted); see also Demetres v. East West Construction, Inc., 776 F.3d 271 (4th Cir. 2015). When a court reviews a plaintiff's EEOC charge and complaint for exhaustion purposes, "the touchstone . . . is whether plaintiff's administrative and judicial claims are 'reasonably related,' not precisely the same . . . ." Sydnor, 681 F.3d at 595.

Plaintiff's second charge alleges he was retaliated against when he was denied bereavement pay, and when he "informed [his] supervisor that [he] could not longer work for Sam's Club because how [he has] been treated since filing an EEOC Charge." (Doc. No. 6-1). At this time,

3

the facts remain in dispute as to whether the "verbal coaching" alleged in Plaintiff's Amended Complaint is "reasonably related" to Plaintiff's March 2015 EEOC Charge. Thus, the Court finds material jurisdictional facts are in dispute and DENIES Defendant's 12(b)(1) Motion. Defendant may re-raise the argument at summary judgment.

Defendant's remaining three arguments attack factual disputes within the retaliation, failure to accommodate, and harassment causes of action, and therefore are also proper for summary judgment. Plaintiff is not required to prove his case at this stage, but only to state a plausible set of facts that "raise [his] right of relief above the speculative level." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Accordingly, the Court finds Plaintiff has alleged facts sufficient to state a plausible claim.

### III. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED in part and DENIED in part. Individual Defendants John Fulerton, Makela Mack, and Michael Cam are DISMISSED from the case. The Clerk is respectfully directed to TERMINATE Defendants Fulerton, Mack, and Cam.

Furthermore, the Court's Initial Scheduling Order ("ISO") entered on September 16, 2016, requires the parties to conduct an Initial Attorneys' Conference ("IAC") "[w]ithin fourteen (14) calendar days following joinder of the issues" and to "file a Certification of Initial Attorneys' Conference ("CIAC")" "[w]ithin five (5) calendar days after the IAC." As of the date of the entry of this Order, no CIAC has been filed and the time for doing so has expired. Therefore, the parties are hereby ORDERED to file a CIAC no later than Monday, January 18, 2017.

SO ORDERED.

Signed: January 4, 2017

Frank D. Whitney
Chief United States District Judge