# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-671-FDW-DCK

| | |
|---|---|
| RICKY EVANS, JR., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SAM'S EAST, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding discovery disputes between the parties. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

On May 11, 2017, the undersigned held a telephone conference at the request of Defendant's counsel and pursuant to Judge Whitney's "Case Management Order" (Document No. 16, pp.4-5). During that conference, the undersigned addressed multiple discovery questions and disputes with the *pro se* Plaintiff, his wife, and counsel for Defendant.

The undersigned respectfully reminds the parties that the rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). In particular, Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> **Information within this scope of discovery need not be admissible in evidence to be discoverable**.

Fed.R.Civ.P. 26(b)(1) (emphasis added).

Based on the foregoing, the Court orders the parties to comply with the undersigned's directions regarding discovery in this case as described during the telephone conference and as summarized below.

- Plaintiff has confirmed that he has provided a release form to Defendant's counsel regarding records from his medical provider, Dr. Kimberly Less, in Michigan. Plaintiff also confirmed that he has no other doctor notes in his possession regarding excused absences from work.

- Plaintiff has agreed to conduct further research, including consulting a professional technician, regarding the options for recovering an audio recording of a "coaching session" from a damaged cell phone in his possession. Plaintiff shall send Defendant's counsel an email on or before **5:00 p.m. on Monday May 15, 2017**, updating counsel on the status of the availability of the audio recording.

- Plaintiff has agreed to provide Defendant's counsel with a full and complete copy of the obituary of his wife's grandmother.

- Plaintiff has confirmed that he does not have any written notes from medical professionals regarding a restriction to working no more than five (5) hour shifts.

- Plaintiff has agreed to provide Defendant's counsel with photographs of his Sam's uniform. Such photographs shall include a photograph of the whole uniform shirt, as well as photographs focused on any name tags on the outside or inside of the uniform shirt.

- Plaintiff has confirmed that he does not have any formulas for his damage calculations.

- Plaintiff has confirmed that he does not currently have an updated resume, and Defendant has withdrawn its request for a resume.

- Plaintiff has agreed to execute a release so that Defendant's counsel may review Plaintiff's pharmacy records from Sam's Club.

- Plaintiff has agreed to execute a release so that Defendant's counsel may review his entire Social Security file.

- Plaintiff confirmed that other than information specifically discussed herein, he has provided full and complete responses to all Defendant's written discovery requests.

The undersigned appreciates the efforts of both sides in resolving their discovery disputes. The parties are advised that the discovery deadline in this case is **May 12, 2017**; and that dispositive motions are due by **May 23, 2017**. Except as specifically provided in this Order, those deadlines remain in effect and are unlikely to be extended.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide discovery responses as directed herein and during the telephone conference on or before **May 19, 2017**. Defendant shall provide Plaintiff with appropriate release forms on or before **May 15, 2017**.

**IT IS FURTHER ORDERED** that to the extent Plaintiff or Defendant identify additional non-privileged information responsive to written discovery requests in this case, they shall *immediately* supplement their discovery responses.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. Mail, return receipt requested.

**SO ORDERED**.

Signed: May 12, 2017

David C. Keesler
United States Magistrate Judge